IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Ruth Elizabeth Hodges, ) | Civil Action No. 7:13-1799-JMC-KFM |
| ) Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Sloan Construction, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on the defendant's motion to dismiss or, in the alternative, for a more definite statement (doc. 21). The plaintiff is proceeding *pro se*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

      On July 1, 2013, the plaintiff filed this action against her employer. On August 20, 2013, the defendant filed a motion to dismiss or, in the alternative, for a more definitive statement. On that same date, an order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising the plaintiff of the motion to dismiss procedure and the possible consequences if she failed to adequately respond to the motion. The plaintiff filed her response in opposition on October 25, 2013 (doc. 31). In her response, the plaintiff included numerous factual allegations not contained in her complaint. On November 1, 2013, the defendant filed a reply (doc. 33).

### FACTS PRESENTED

      In her complaint, the plaintiff alleges that she has "been discriminated against with my pay compared to the men that work here" (doc. 1-2 at p. 4). She further claims that her supervisors "make crude comments repeatedly adversely affecting my work conditions" (*id.*). She alleges that she has "been to the Human Resources Department and EEO Officer with 2 witnesses and I was told to get past it. Then I was suspended for my attitude"

(*id.*). The plaintiff alleges that she would "like to state my case for being discriminated against for my rate of pay compared to others and sexual harassment from my supervisor and retaliation from the company . . . " (doc. 1 at p. 5). The plaintiff's claims appear to allege violations of the Equal Pay Act ("EPA") and Title VII of the Civil Rights Act of 1964, as amended.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Rule 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). A *pro se* plaintiff's pleadings are accorded liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, "[t]he 'special judicial solicitude' with which a district court should view. . . *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Services for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Moreover, while *pro se* complaints are to be construed liberally, "judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

> Pursuant to Federal Rule of Civil Procedure12(e):
>
> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . . If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed.R.Civ.P. 12(e). Whether a motion for a more definite statement should be granted is "generally left to the district court's discretion." *Hodgson v. Virginia Baptist Hosp.*, 482 F.2d 821, 824 (4th Cir.1973).

### *Equal Pay Act*

Under the EPA, an employer may not pay an employee wages "less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d). "To sufficiently plead a *prima facie* case of wage discrimination under the EPA, a plaintiff must allege: (1) that the employer paid different wages to employees of the opposite sex; (2) that the employees'

jobs require equal skill, effort, and responsibility; and (3) that the jobs are performed under similar working environments." *Williams v. Wells*, No. 4:12-2434-RBH, 2013 WL 4042037, at *5 (D.S.C. Aug. 8, 2013) (citing *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 613 (4th Cir.1999), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)).

Here, the plaintiff has alleged that the defendant paid male employees more than it paid her. However, the plaintiff does not state the type of work she claims she was paid less to perform or that any male employee performed substantially equal work and was paid more than she was paid. As the plaintiff's allegations are so vague that the defendant cannot reasonably prepare a response, the undersigned recommends that the defendant's motion for more definite statement be granted and the plaintiff be allowed to amend her complaint.

## *Title VII*

An employer violates Title VII when it discriminates against an employee with respect to compensation, terms, conditions, or privileges of employment based on that individual's sex. *See* 42 U.S.C. § 2000e-2(a)(1). Title VII prohibits employers from subjecting employees to "a discriminatorily hostile or abusive environment" based on the employee's sex. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (U.S. 1993) (citation omitted). The alleged sexually discriminatory words and/or conduct must be unwelcome and offensive, as well as so severe and pervasive that it would alter a reasonable plaintiff's working conditions. *Id.* at 22. In other words, the alleged words or conduct must have been enough to affect a reasonable individual's ability to do his or her job. *Id.* In determining whether alleged conduct might rise to the level of illegal sexual harassment, the court may consider the frequency, severity, threatening or humiliating nature, and extent of offensiveness of the alleged conduct and/or speech. *Id.* at 23.

In her complaint, the plaintiff alleges only that her supervisors have made "crude comments" that "adversely affected her working conditions" (doc. 1-2 at p. 4). In her response in opposition to the defendant's motion, the plaintiff makes factual allegations that

4

are not presented in her complaint (*see* doc. 31 at p. 1). In her complaint, the plaintiff has not identified the nature and content of the comments allegedly made and how the alleged comments affected her working conditions.

Title VII also prohibits an employer from discriminating against an employee based on the employee's opposition to an unlawful employment practice. 42 U.S.C. § 2000e-3(a). To state a claim of retaliation, the plaintiff must allege that (1) she engaged in a protected activity, (2) an adverse action was taken against her, and (3) that there was a causal link between the protected activity and adverse action. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citation omitted). Protected activity includes reporting unlawful employment practices that the plaintiff reasonably believed were occurring. *See Christy v. City of Myrtle Beach*, No. 4:09-cv-1428-JMC-TER, 2012 WL 2149777, at *3 (D.S.C. Apr. 26, 2012) (citation omitted); *see also Mayers v. Shaw Indus.*, No. 3:09-2635-CMC-JRM, 2010 WL 5158418, at *4 (D.S.C. Nov. 23, 2010) (dismissing Title VII retaliation claim where employee reported alleged safety violation because employee's activity was not protected by Title VII).

Here, the plaintiff has not alleged facts supporting a cause of action for retaliation in violation of Title VII. She alleges that she complained about "crude comments," but she does not identify these comments so that the defendant might properly respond to her allegations. The plaintiff does not allege that the comments were based on her sex or any other characteristic protected by Title VII. A comment may be offensive to the plaintiff without being unlawful under Title VII, and the plaintiff's reporting "crude comments" is not enough to satisfy the requirements of stating a retaliation claim under Title VII. She must allege facts specific enough for the defendant to address what comments were allegedly made and whether they are sexually discriminatory in violation of Title VII.

As the plaintiff's allegations supporting her claims for hostile work environment and retaliation in violation of Title VII are so vague that the defendant cannot reasonably prepare a response, the undersigned recommends that the defendant's motion for more definite statement be granted and the plaintiff be allowed to amend her complaint.

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the defendant's motion to dismiss or, in the alternative, for a more definite statement (doc. 21) should be granted in part and denied in part. Specifically, the motion to dismiss should be denied, and the alternative motion for a more definite statement should be granted.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

December 12, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).