**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| Ruth Elizabeth Hodges, | ) | |
| | ) | Civil Action No. 7:13-cv-01799-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sloan Construction, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report"), [ECF No. 34], filed on December 12, 2013, recommending that Defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement [ECF No. 21] be granted in part and denied in part. Specifically, the magistrate judge recommended that the Motion to Dismiss be denied, and the Alternative Motion for a More Definite Statement be granted. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of her right to file objections to the Report [ECF No. 34-7]. However, Plaintiff filed no objections to the Report.

In the absence of objections to the magistrate judge's Report, this court is not required to

provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough and careful review of the magistrate judge's Report and Recommendation and the record in this case, the court finds the magistrate judge's Report provides an accurate summary of the facts and law and the record in this case.  The court **ACCEPTS** the Report and Recommendation [ECF No. 34].  For the reasons articulated by the magistrate judge, it is therefore **ORDERED** that Defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement [ECF No. 21] is **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the Motion to Dismiss is **DENIED**, and the Alternative Motion for a More Definite Statement is **GRANTED**.  Since Plaintiff has failed to timely file any objections to the Report and also has not amended her complaint to include more specific allegations regarding her claim, this action is **DISMISSED** with prejudice.

   **IT IS SO ORDERED.**

                                                    *J. Michelle Childs*

                                        United States District Judge

December 31, 2013
Greenville, South Carolina

2